UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.                                                Case No. 17-cr-20644
                                                District Judge Paul D. Borman

LEANDER MANN,

        Defendant.
_____/

**ORDER DENYING DEFENDANT LEANDER MANN'S MOTION TO REDUCE SENTENCE (ECF NO. 125)**

On July 15, 2020, Defendant filed a pro se Motion requesting compassionate release/reduction of sentence. (ECF No. 113.) On October 27, 2020, counsel for Defendant filed a Motion to Reduce Sentence. (ECF No. 115.) On December 4, 2020, Defendant's counsel filed a Corrected Motion to Reduce Sentence. (ECF No. 125.) On November 11, 2020, the Government filed a Response in Opposition. (ECF No. 121.) On November 23, 2020, Defendant filed a Reply. (ECF No. 123.)

Defendant pled guilty to possession with intent to distribute cocaine. He was sentenced on November 1, 2019 to a term of 180 months to run concurrent to his State of Michigan imprisonment. (ECF No. 125, PageID 1485.) Defendant has been paroled in August 2020 from the Michigan Department of Corrections to a Federal Detainer. (Defendant's Exhibit No. 3, ECF No. 25-1.)

1

Defendant contends that "he is a morbidly obese African American, with Type II Diabetes." (*Id.* at PageID 1485.) He contends that on May 12, 2020 he tested positive for COVID-19. (*Id.* at PageID 1486.) Bureau of Prisons (BOP) records indicate that on December 9, 2020, Defendant tested negative for COVID-19. (Per, Tracy Knutson, BOP Supervisor, St. Louis, MO.)

Mann asserts that he is now a Federal prisoner incarcerated at FCI-Milan. He states that given his co-morbidities of Type II Diabetes, his morbid obesity, and being an African American, he has a substantial risk if becoming infected with COVID-19 of experiencing serious illness or even death. He is 6' 2" tall and weight 315 lbs. (BMI 40). He is taking prescribed medications for his Type II Diabetes. (*Id.* at PageID 1487.)

Defendant contends that the BOP has an out-of-control situation with regard to COVID-19 outbreaks in its facilities. Defendant contends that he has an appropriate release plan--employment at American Biohazardous Solutions, at a starting hourly salary of $22.00.

Defendant contends, correctly, that United States Sentencing Guideline 1B1.13 does not apply to his Motion for Compassionate Release filed in this District Court, as the United States Court of Appeals for the Sixth Circuit held in *United States v. Jones*, __ F.3d __, 2020 WL 6617488 (November 20, 2020).

Accordingly, the Court is not limited by § 1B1.13's definitions in determining whether extraordinary and compelling reasons exist to grant release.

The Court finds that Defendant is appropriately before this Court under 18 U.S.C. § 3582(c)(1)(A)--more than 30 days have elapsed since he sent a letter to his Warden seeking release, and was not granted release.

As to his discussion of 18 U.S.C. § 3553(a) factors, Defendant Mann contends that "Reducing his sentence now is just punishment and will serve to deter further offenses. *See* 18 U.S.C. § 3553(a)(2)." (ECF No. 125, PageID 1506.)

The Government Response in Opposition states:

> Since 1997, Leander Mann has engaged in a virtually unending string of crimes. The pattern is the same in each: he commits a violent offense (usually a home invasion), is paroled after a period of custody, and then commits a new offense after his release. His most recent parole was no different--after being released following a home invasion conviction, Mann kept cocaine, ammunition, and an AK-47 style assault rifle in and around his room. The test messages on his phone indicate that he was selling the drugs and numerous guns.

(ECF No. 121, PageID 1373.)

The Government notes that Mann began serving this sentence November 2019 and has 12 years remaining on his 15-year sentence.

The Government notes that the BOP has been implementing strict precautions to minimize the spread of COVID-19 in its facilities, and also focusing on assessing which inmates it can release who would not be a danger to the community. (*Id*. at PageID 1374.)

3

The Government further notes that Mann was indicted "for being a felon in possession of a firearm (with a penalty enhancement under the Armed Career Criminal Provision of 18 U.S.C. § 924(e)), possession with intent to distribute a controlled substance, and possession of a firearm in furtherance of a drug trafficking crime…On the second day of trial, Mann pleaded guilty to one of the two drug counts, with an agreed-upon 15-year sentence…" The Court ultimately sentenced Mann to 167 months in custody after the Government agreed to reduce the agreed-upon sentence by 13 months based on time that Mann spent in pretrial detention. (Sentencing Tr., ECF No. 112, PageID 1240-45.) (ECF No. 121, PageID 2380-81.)

The Government further notes that Mann, who is 41-years-old, recently began serving this sentence in November 2019, and "has served only one year of his nearly 14-year sentence." (*Id.* at PageID 1381.)

The Government points out that a court cannot grant a motion under 18 U.S.C. § 3582(c)(1)(A) without considering the applicable 18 U.S.C. § 3553(a) factors, and that such consideration in this case yields the conclusion that because he is a clear danger to the community, he should not be granted compassionate release, even though he has Type II Diabetes and obesity--CDC risk factors for COVID-19 complications. (*Id.* at PageID 1391.)

4

The Government also notes that "Mann has served less than 10 percent of his 167-month sentence, which the Court can take into consideration in determining the 3553(a) factors per *United States v. Kinkaid*, 805 F. App'x 394, 395-396 (6th Cir. 2020).

The BOP medical records establish that Defendant Mann is not insulin-dependent for Diabetes--he receives medication. (ECF No. 124-1, PageID 1444, and PageID 1449.)

Defendant's Reply notes that Defendant "has undertaken substance abuse and other self-help rehabilitative programming." (ECF No. 123, PageID 1439.)

## DISCUSSION

The 18 U.S.C. § 3553(a) factors the Court finds applicable and relevant for consideration include:

(1) The nature and circumstances of the instant offense are very serious, and Mann's criminal history and characteristics establish a pattern of violent crimes.

(2) There is a need for the extended sentence to reflect the seriousness of the offense, to promote respect for the law--which Defendant has historically disrespected--and to provide a significant sentence for his criminal behavior. There is also a need for Mann to serve this sentence to deter others from criminal conduct, and most certainly, to protect the public from further crimes by Defendant Mann.

5

## CONCLUSION

The Court concludes that if granted compassionate release Defendant would be a significant danger to the community. His history of violent criminal behavior is long and continuous up to the present incarceration. The fact that he has served but a minor portion of his significant sentence for a very serious offense establishes that the public would be in great danger if he was to be released to the community.

While the Court recognizes that Defendant Mann requires medical attention, his BOP medical records evidence that he is receiving appropriate care within the BOP.

Finally, while the Court does not underestimate the seriousness of the COVID-19 pandemic within the BOP, and in particular at FCI-Milan, the Court concludes that there is compelling evidence that there would be a very serious danger to the community if the Defendant Mann were to be granted compassionate release.

Accordingly, the Court DENIES Defendant Leander Mann's Motion for Compassionate Release.

SO ORDERED.

DATED: December 11, 2020      s/Paul D. Borman  
                                                      PAUL D. BORMAN  
                                                      UNITED STATES DISTRICT JUDGE