United States District Court
Eastern District of Michigan
Southern Division

United States of America,

       Plaintiff,                        Case No. 2:17-cr-20644

v.                                          Hon. Paul D. Borman

LEANDER MANN,

       Defendant.

_____/

## Government's Response to Defendant's Motion to Reduce Sentence

Leander Mann now makes his second post-judgment attempt to reduce his sentence. The Court should deny Mann's second motion for compassionate release because he fails to show: (1) that his circumstances are extraordinary and compelling, and (2) that he would obtain a lower sentence if the Court held the sentencing hearing today.

### I.  Background

In 2017, Leander Mann was on parole for a home invasion conviction – his fifth such conviction.  As a condition of parole, he was prohibited from possessing a firearm or illegal controlled substances. To ensure compliance, MDOC conducted periodic parole compliance

1

checks. During his first compliance check, Mann told his parole agent that he was living in a downstairs bedroom in his residence but that he had "other stuff" in a bedroom upstairs; he alleged to be moving to that room. When agents arrived on June 15, 2017, to perform another compliance check, Mann seemed nervous, provided evasive answers, and was avoiding eye contact. At the time Mann was outside of the residence speaking with his wife. He told officers he did not have a key and could not get into the house. He also claimed that his mother was sleeping inside and proceeded to knock lightly on the door. Once officers knocked on the door, Mann's uncle answered the door and, upon request, led them upstairs to Mann's bedroom. There, officers recovered cocaine, 7.62 caliber assault rifle ammunition, marijuana, five digital scales, a razor, strainers, and other evidence from the bedroom.

In an attic directly outside of the bedroom, they found a 7.62 caliber AK-47 style assault rifle with a loaded magazine. They also found marijuana, approximately $1390.00, and a Samsung cellular phone in Mann's pocket.

Later, agents conducted a forensic examination of Mann's phone. They found thousands of text messages, several of which involved the

sale of firearms. Hundreds more involved Mann's drug sales. Just weeks before the compliance check, Mann texts pictures of what appeared to be the same firearm recovered from the attic to another individual discussing selling it.

The government indicted Mann for being a felon in possession of a firearm with the Armed Career Criminal enhancement pursuant 18 U.S.C. §924(e) (2023), possession with intent to distribute a controlled substance, and possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 13, PageID 26-29, Indictment.) After multiple hearings and significant plea negotiations, the case proceeded toward trial. However, on the second day of trial – after selecting a jury – Mann pleaded guilty to one of the drug counts with an agreed-upon 15-year sentence. This allowed Mann to avoid the potential 20-year mandatory sentence. The Court sentenced Mann to 167 months' custody, which was a reduction from the agreed-upon sentence to give credit for the 13 months Mann spent in pretrial detention.

Mann began his prison sentence in November of 2019. In July of 2020, roughly a year after commencing prison sentence, Mann moved for compassionate release. This is unsurprising. Since 1997, Mann has

3

operated with an identifiable pattern: he commits a violent offense (often a home invasion), is paroled after a period of custody, and then commits a new offense soon after his release.  In his 2020 motion for compassionate release, Mann argued that the risk of Covid-19 infection coupled with his pre-existing medical conditions created an extraordinary and compelling reason for release. This Court considered the 18 U.S.C. § 3553(a) factors, which included the seriousness of the offense and the need to protect the public from further crimes by Mann. On December 11, 2020 Mann's motion was denied. (ECF No. 127, PageID 1561-62, Order Denying Motion.)

Since the Court's ruling, Mann has several *pro se* filings.  On January 13, 2021, Mann provided notice of intent to appeal the Court's judgment with United States Court of Appeals – Sixth Circuit. (ECF No. 131, PageID 1569, Notice of Appeal.)  On the same day, Mann filed a motion to vacate his sentence under 28 U.S. C. 2255. (ECF No. 134, PageID 1576-81, Motion to Vacate).  The U.S. Courts of Appeals dismissed his motion due to the substantial and unexplained delay in appealing the district court's judgement. (ECF No. 141, Order from U.S. Court of Appeals.)

4

Similarly, this Court dismissed Mann's motion to vacate his sentence under 28 U.S.C. § 2255 as untimely. (ECF No. 157, PageID 1678-80, Order Denying Motion to Vacate.) In so doing, this Court denied Mann's request for equitable tolling to excuse his late filing; there he argued that Covid-19 impacted his filings. Contrary to his assertions, the Courts were not shut down and Mann filed several motions during the relevant period. The Court regarded his actions as a decision to concentrate his efforts on compassionate release rather than a petition to vacate his sentence under 18 U.S.C. § 2255. (ECF No. 157, Page ID 1678-79, Order Denying Motion to Vacate.) He appealed this decision, and in May of 2023 the Sixth Circuit Appeals Court affirmed the dismissal. (ECF No. 165, Opinion and Judgement from U.S. Court of Appeals.)

On August 14, 2023, Mann petition for a writ of certiorari with Supreme Court of the United States. (ECF No. 166, Letter from the U.S. Supreme Court.)

Now, Mann has filed a second motion for compassionate release.

5

## II. Argument

Absent a specific statutory exception, a district court has no inherent authority to modify a valid sentence. *United States v. Washington,* 584 F.3d 693, 700 (6th Cir. 2009), *see also* 18 U.S.C. § 3582(c) (2023). The federal compassionate release statute, found in 18 U.S.C. § 3582(c)(1)(A), provides the district court with the ability to modify a sentence within "narrowly circumscribed" instances. United States v. Houston, 529 F.3d 743, 753 n.2 (6th Cir. 2008). Generally, the statute has three substantive requirements: (1) the court must determine that extraordinary and compelling reasons warrant a sentence reduction; (2) the sentencing factors under 18 U.S.C. § 3553(a) favor a sentence reduction; and (3) the sentence reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. *United States v. Hampton,* 985 F.3d 530, 532 (6th Cir. 2021).

Historically, the Bureau of Prison petitioned for compassionate release on behalf of the prisoner – the First Step Act now grants the prisoner the ability to directly file a motion for compassionate release. *United States v. Jones*, 980 F.3d 1098, 1104-1106 (6th Cir. 2020).

6

When the prisoner moves for compassionate release, as in the instant case, there is no requirement that the sentence reduction be consistent with the Sentencing Commission policy statements. *United States v. Jones*, 980 F.3d at 1111, *accord United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). Rather, the prisoner must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion … or the lapse of 30 days from the receipt of such a request by the warden of the defendants facility." 18 U.S.C. § 3582(c)(1)(A) (2023). Thus, once he has exhausted administrative remedies, Mann must establish that: (1) extraordinary and compelling reasons warrant a reduction in the sentence, and (2) the 18 U.S.C. § 3553(a) factors favor reduction of sentence. It is uncontested that Mann exhausted the administrative remedies. However, he has not provided a extraordinary and compelling reason to disturb his sentence. And, he has not demonstrated that the § 3553(a) factors favor reduction.

A. <u>Mann's mother's alleged illness does not constitute 'extraordinary and compelling reasons' to disturb Mann's sentence</u>.

Mann asserts his mother's recent health challenge is an extraordinary and compelling reason that justifies compassionate

7

release. Here, he suggests that he is the only available caregiver and references Federal Sentencing Guidelines Manual §1B1.13(b)(3)(C)(U.S. Sentencing Comm'n 2023) to support a determination of an extraordinary and compelling family circumstance. While the Federal Sentencing Guidelines Manual are not binding, a court may look to the statement to guide its analysis. *United States v. Gibson*, No. 11-20551, 2021 U.S. Dist. LEXIS 115975 at *9 (E.D. Mich. June 22, 2021), *see also*, *Jones*, 980 F.3d at 1110-11. Federal Sentencing Guidelines Manual §1B1.13(b)(3)(C) (U.S. Sentencing Comm'n 2023) provides the possibility of an extraordinary and compelling reason in "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent."

Here, beyond his assertions, Mann has provided no medical records, affidavits, or any evidence for a Court to determine the extent of his mother's condition, her actual needs, and whether *he* would be an appropriate primary caregiver. Each of these facts are requisite to a serious review of the alleged extraordinary and compelling reason. *See United States v. Lemons*, No. 22-5500, 2023 U.S. App. LEXIS 1348, at *7 (6th Cir. Jan. 19, 2023) ("Lemons's need to care for his mother and

8

stepfather was not an extraordinary and compelling reason for compassionate release because the medical records that he filed with his motion do not demonstrate that they are unable to care for themselves.").

Beyond asserting that he *would* be the primary caregiver, Mann has failed to establish why he is the only available option. Federal district courts routinely deny motions when the prisoner cannot show that they would be the only available caregiver. *United States v. Gibson,* 2021 U.S. Dist. LEXIS 115975 at *10; *see also United States v. Cole*, No. 18-20237, 2021 U.S. Dist. LEXIS 9953, 2021 WL 194194, at *2 (E.D. Mich. Jan. 20, 2021)(Goldsmith, J.); *see also United States v. Corley,* No. 3:13-cr-00097-9, 2021 U.S. Dist. LEXIS 6084, 2021 WL 119640, at * 1 (M.D. Tenn. Jan. 13, 2021)(noting that compassionate release based on "family circumstances … typically requires a finding that the Defendant is the only available caregiver"). Here, his mother has a guardian. (Ex. 1. *Filed Under Seal*) Mann provides no reason for this Court to conclude that the current guardian is inappropriate or deficient. Nor does he cite any cases that renders guardianship by a third-party an inappropriate option in the relevant context. Notably, the court

9

appointed guardian is under the watchful eye of the stateside probate court.

Moreover, Mann assumes that his mother's placement into the long-term care facility was because there was no one available to care for her. In reality, this placement was due to his mother's needs. That is, because of the nature of her conditions, likely needs specially trained professionals are needed to provide care. Dr. David Schwartzenfeld, the primary care physician, opinions that her "needs are being best met at the Manor of Farmington Hills." (Ex. 2. *Filed Under Seal*) Mann has provided no indication of his qualifications or how he would be capable of providing adequate care.

Even Mann's assertions of providing financial support are insufficiently corroborated. Mann mentions being able to get a job that is very close to their family home; he provides no document regarding his likelihood of securing that job if released; there is not nearly enough information for a conclusion that a job is even available. In candor, he appears to engage in wishful speculation – that is simply insufficient in establishing an extraordinary and compelling reason.

10

Even assuming Mann properly supported the claim that he is *necessary* to care for his mother, it is doubtful that a prisoner having an elderly or sick parent is both extraordinary *and* compelling. *See, e.g.*, *United States v. Williams*, No. 1:17-cr-103, 2020 U.S. Dist. LEXIS 114260, at *7 (S.D. Ohio June 29, 2020). As stated previously, the Sentencing Commission's statements are not binding. *See Gibson,* 2021 U.S. Dist. LEXIS 115975 at *9. In *United States v. Williams,* William's wife had succumbed to cancer leaving William's mother to care for their four children. No. 1:17-cr-103, 2020 U.S. Dist. LEXIS 114260, at *7 (S.D. Ohio June 29, 2020). The court was extremely sympathetic to Williams' mother, grandmother, and children. They were, undoubtedly, in very difficult positions. However, the Court found this result is not 'extraordinary' or even uncommon. Incarcerated people commonly leave innocent partners, parents, and children to fend for themselves as a result of their criminal conduct. *Id* at *7; *see also, United States v. Newton,* 478 F. Supp. 3d 591, 595 (E.D. Mich. 2020) ("The fact that Defendant's mother suffers from medical hardships, while unfortunate, does not in and of itself create a compelling reason to release Defendant."); *United States v. Wilson,* No. 15-20281, 2020 U.S. Dist.

11

LEXIS 103809, at *6-7 (E.D. Mich. June 15, 2020) ("While it is admirable that defendant wishes to be released early in order to assist with caring for his parents and his minor child, defendant has failed to establish that his circumstances are extraordinary and compelling in a manner that would entitle him to the relief he seeks."); *United States v. Brown*, No. 5:19-cr-4-BJB, 2023 U.S. Dist. LEXIS 122360, at *4 (W.D. Ky. July 17, 2023) ("Even if the Court were to assume that his father needs care, and no other caregivers were available, this would still likely not amount to an extraordinary and compelling circumstance."). While the Government is sympathetic to Mann's mother's medical illness, they do create an extraordinary and compelling reason to reduce his sentence.

 B. <u>Mann fails to show that the Court's sentencing analysis would be different if his sentencing were today</u>.

Consideration of the 18 U.S.C. § 3553(a) factors also requires that the Court deny Mann's motion for compassionate release. This Court's "initial balancing of the § 3553(a) factors during [a defendant's] sentencing" is presumed to "remain[] an accurate assessment as to whether those factors justify a sentence reduction[.]" *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). Mann must

therefore "make a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *Id.*

Even if the Court were to find that Mann established extraordinary and compelling reasons for his release, the § 3553(a) factors still disqualify him. Here, the only different consideration is whether Mann's mother's condition would alter the Court's analysis. Given, Mann's mother's placement in an appropriate care facility, it is unlikely to have materially altered the courts rationale in sentencing Mann to 167 months in prison.

For starters, the offense is an extremely serious one. The cocaine in Mann's bedroom and the myriad text messages on his phone about drugs, indicate that he was involved in significant drug trafficking. The gun and ammunition recovered in or near his bedroom is even more concerning, especially when combined with the text messages where he appears to be selling guns. At every step Mann tried to mislead law enforcement so they would not find evidence of his crimes. In the aggregate, his actions show very little respect for the law. This is even more clear when you examine Mann's criminal record: five dangerous home invasions, a firearm possession offense and constant parole

13

violations. There is nothing in the record to indicate that Mann's actions change following incarceration.

Mann has completed less than 30 percent of a lenient sentence. Recall, Mann's 167-month sentence was below the bottom end of the 168-to-210-month guideline range. Beyond that, the Court extended further leniency toward Mann when it ordered his federal sentence to run concurrent to the stateside sentence, even though he committed this offense while on parole for those offenses. (ECF No. 110, PageID 1175, Judgement.) The sentence already reflects the Court's evaluation of "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law" under § 3553(a).

For nearly 30 years Mann has engaged in a virtually unending string of crime, which appears only to have been disrupted during his incarceration. This offense occurred within a year of being paroled. Mann references his recent participation in recidivism programs and the fact that he now resides in a low security facility as support for compassionate release. He provides no documentation of the scope of the programs, his participation or completion. Notwithstanding, he

cites *United States v. Griffin,* No. 1:95-cr-00751, 2020 WL 7295765 (S.D. Fla. Dec. 8, 2020), to support his claim of compassionate release. *Griffin* is distinguishable.

In *Griffin*, the district court found the defendant to be the only viable, adequate caregiver for his sister. In discussing the § 3553 factors, the court noted that *Griffin* had been imprisoned for over 20 years – about 75 percent of his sentence – without disciplinary issues. Here, not only is Mann not the only viable, adequate caregiver, as argued previously, Mann has not served nearly the proportion of his sentence to make *Griffin* analogous.

Rather, *United States v. Brown*, No. 5:19-cr-4, 2023 U.S. Dist. LEXIS 122360, 2023 WL 4564800 (W.D. Ky., July 17, 2023) is more analogous. In *Brown,* the Court held "discharging Brown's sentence would disserve the rule of law, discount the significance of his offense, and inadequately deter similar offenses." *Id.* at *5-6. Brown had served less than 40 percent of his sentence and his criminal record and history of recidivism illustrated the need to protect the public. *Id.* Given Mann's well documented history of recidivism, granting compassionate release after approximately four years in custody is insufficient to

15

reflect the seriousness of the offense and the concerns for the safety of the community. Like *Brown*, discharge of Mann's sentence would disserve the rule of law, discount the significance of his offense, and inadequately deter similar offenses. This Court already concluded the

> "need for the extended sentence to reflect the seriousness of the offense, to promote respect for the law – which Defendant has historically disrespected – and to provide a significant sentence for his criminal behavior. There is also a need for Mann to serve this sentence to deter others from criminal conduct, and most certainly, to protect the public from further crimes by Defendant Mann." (ECF No. 127 PageID.1561, Order Denying Motion.)

Mann's mother's illness does little to change this analysis.

## IV. Conclusion

Mann has not established that his circumstances constitute extraordinary and compelling reasons to reduce his sentence. He also has not established that his sentence would be different if the Court were sentencing him today. Failure to establish either is fatal; he has failed both. This Court should deny his motion.

        Respectfully Submitted,

        DAWN N. ISON
        United States Attorney

        <u>/s/ Darrin S. Crawford</u>
        Assistant United States Attorney
        211 W. Fort St., Suite 2001
        Detroit, MI 48226
        313-226-9549
        Darrin.Crawford@usdoj.gov

Dated: December 28, 2023

CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2023, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the ECF filing system, which will send notification to all counsel of record via email.

I also certify that I served this response and exhibits on the *pro se* petitioner by mailing a copy, with first class postage, to the following:

>Leander Mann 55849-039
>FCI Coleman Low
>P.O. Box 1031
>Coleman, FL 33521

*s/Darrin S. Crawford*
Darrin S. Crawford
Assistant United States Attorney