UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.

        Case No. 17-cr-20644
        District Judge Paul D. Borman

LEANDER MANN,

        Defendant.
_____/

## ORDER DENYING DEFENDANT LEANDER MANN'S DECEMBER 5, 2023 PRO SE MOTION FOR REDUCTION IN SENTENCE/COMPASSIONATE RELEASE

Defendant filed a December 5, 2023 pro se Motion for Reduction in Sentence/Compassionate Release. His filing mirrors in major content his July 15, 2020 pro se Motion to Reduce Sentence and/or Compassionate Release which was denied by the Court on December 11, 2020.

Defendant is presently in custody at FCI Coleman, Florida; his out-date is October 15, 2030. (Per BOP Regional Attorney, Ryan Nelson, January 2, 2024).

### I.

1.    This Court finds that the county's COVID-19 concern has largely abated and is no longer a basis for release.

2.    The Court finds that Mann has not provided extraordinary and compelling reasons to disturb his sentence. While Mann contends that he would be the only available caregiver for his mother, the facts show she has a third-party

1

guardian, and this undermines his central claim. And the guardian is under the supervision of the stateside probate court because of her needs.

3. The Court finds that Mann has not demonstrated that the 18 U.S.C. § 3582 factors favor a reduction of his sentence.

Further, the Court finds that the 18 U.S.C. § 3553 factors require the completion of the sentence. Mann does not show that the Court's sentencing analysis of the 18 U.S.C. § 3553(a) factors require his release. Indeed the 18 U.S.C. § 3553(a) factors clearly establish just the opposite; that if released he would be a danger to the community.

His offense of conviction is extremely serious. His prior conduct includes evidence of:

1. Significant drug trafficking, and danger to the community based on guns and ammunition recovered in his possession that were for use and sale.

2. A criminal record that involves convictions for five dangerous home invasions, and constant parole violations.

3. He has completed less than 50% of his original sentence.

4. His most recent offense occurred within a year of being paroled.

The United States Court of Appeals for the Sixth Circuit has explained that the compassionate release statute authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons warrant a

reduction," (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, "to the extent applicable," support a reduction. *United States v. Ruffin*, 978.F.3d 1000, 1003 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(l)(A)). The Sixth Circuit has added that a district court "must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022) (citing *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021)). *See also United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

This Court considered the Section 3553(a) factors in sentencing Mr. Mann, and Defendant has not made a compelling reason why this Court's sentencing 3553(a) analysis would be different if conducted today.

This Court will proceed directly to the 18 U.S.C. § 3553(a) factors and concludes that it will deny relief because those factors strongly weigh heavily against Mann's release. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

The Court finds that the Section 3553(a) factors weigh strongly against release.

1. The offense here was very serious.
2. The factual background of this case includes serious gun and drug convictions which, combined with his prior record, weigh the most in the Court's discussion and evaluation of the Section 3553(a) factors.

3

The Court further finds that terminating Mann's sentence at this time would undermine the goals of providing just punishment and having the sentence reflect the serious nature of the offense. 18 U.S.C. § 3553(a)(2)(A).

Further, releasing Mann at this time would undermine the goal of achieving general deterrence. 18 U.S.C. § 3553(a)(2)(B).

Finally, it is not clear that releasing Mann at this time would not provide protection to the public from further crimes by the Defendant. 18 U.S.C. § 3553(a)(2)(C).

The Court acknowledges that Mann has completed programs with the Bureau of Prisons, and while commendable, those positive attributes do not outweigh the § 3553(a) factors discussed above that weigh strongly against releasing Mann.

## CONCLUSON

Defendant Leander Mann has not established that his sentence would be different if the Court were to resentence him today. Indeed, in DENYING this Motion the Court finds that it would not, and will not reduce his sentence, or grant compassionate release.

SO ORDERED.

DATED: JAN 24, 2024

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE